(104 So. 777)

### MORGAN v. STATE.    (7 Div. 110.)

(Court of Appeals of Alabama.   May 26, 1925.)

I. Criminal law ⬤⟾753(2)—Accused not entitled to affirmative charge, where there was some evidence of guilt.

Where there was some evidence that accused had sold whisky as charged, he was not entitled to affirmative charge; but question was for jury.

2. Criminal law ⬤⟾1153(4)—Trial court's discretion in permitting cross-examination not usually revised.

Trial court's discretion in rulings upon cross-examination by counsel for accused will not usually be revised, except where abuse of discretion is clearly apparent.

3. Witnesses ⬤⟾282½ — Rulings preventing continuous repetition on cross-examination not abuse of discretion.

Rulings, on cross-examination by counsel for accused of a state's witness, undertaking to prevent continuous repetition of matters already given in evidence, held not abuse of discretion.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Criminal law ⊜814(18)—Instruction that promise of immunity to state's witness might generate reasonable doubt of accused's guilt not required under evidence.**

Refusal to instruct that promise of immunity to state's witness might generate reasonable doubt of guilt of accused *held* not error, in absence of any evidence tending to show that witness was so actuated.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Ed Morgan was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Charge 3, refused to defendant, is as follows:

"(3) The court charges the jury that, if ˌthe testimony of the state's witness was actuated by a promise of immunity to him in the prosecution of his case in this court, this may be sufficient to generate a reasonable doubt of defendant's guilt and authorizes his acquittal."

Hugh Reed, of Center, for appellant.

It was error for the court to limit the defendant in cross-examination of state's witness. Gray v. State, 19 Ala. App. 550, 98 So. 818; Ex parte Morrow, 210 Ala. 63, 97 So. 108. Charge 3 should have been given. Code 1923, § 4635.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 3 does not predicate a finding upon the evidence in the case, and was well refused. Edwards v. State, 205 Ala. 160, 87 So. 179. There is a wide latitude allowed on cross-examination. May v. State, 16 Ala. App. 541, 79 So. 677.

BRICKEN, P. J. The defendant was charged with, and convicted of, the offense of violating the Prohibition Law (Code 1923, §§ 4615 to 4800).

[1] We have read the entire evidence and cannot sustain the insistence of defendant's counsel that the defendant was entitled to the affirmative charge. There was some evidence that he had, within the time covered by the indictment, sold whisky to state witness George Connor; this the defendant denied, and this conflict in the evidence made a question of fact for the determination of the jury.

[2, 3] The court's rulings upon the testimony were not error as insisted. The rulings invoked and assigned here as error were upon the cross-examination by defendant's counsel of state witness Connor. It is elementary that the trial court's discretion in this connection usually will not be revised; certainly not so, unless an abuse of such discretion is clearly apparent. No such abuse of the court's discretion appears here, as the rulings complained of undertook to prevent a continuous repetition of the same matters and sought to prevent the going over again and again matters already given in evidence by the witness Connor on cross-examination. This the court had a perfect right to do, and his rulings here complained of meet the approval of this court.

Refused charge 2 was in effect covered by given charge 1.

[4] Refused charge 3 is abstract, as there is no evidence in this record showing, or tending to show, "that the state witness in giving his testimony was actuated by a promise of immunity to him in the prosecution of his case in this court." It is true that defendant's witness Ellis Cross gave testimony tending to show that witness George Denson made some such statement to him after the session of the grand jury which indicted this defendant. But we do not observe that witness George Denson testified for the state on the trial of this case. So far as state witness George Connor appears in this connection, it affirmatively appears that the facts postulated in said charge were not true, and there was no evidence tending to show such facts.

We are unable to discover an error in any of the rulings of the court. The trial court saw and heard the witnesses. The testimony was in direct conflict, and by their verdict the jury adopted as being true that testimony offered by the state. No new matter was presented on motion for a new trial; we are not prepared to put the court in error for overruling the motion.

The judgment appealed from is affirmed.

Affirmed.